## A89A2230. CLARK v. THE STATE.
(390 SE2d 126)

Sognier, Judge.

Kevin Lee Clark was convicted by a Glynn County jury of robbery by force, aggravated battery, and rape. He appeals, enumerating the general grounds.

At trial, the victim, a twenty-three-year-old woman, testified that she was employed as a clerk at a convenience store in Glynn County on the night of March 29, 1987, and that a man she identified as appellant entered the store with two women and asked to use the rest room. Appellant left the store, returned a few minutes later and yelled at the two women, and all three then went outside. The victim stated that she went to the freezer compartment in the back of the store, and when she saw a hat out of the corner of her eye and started to turn around, appellant hit her, knocking her to the floor. He straddled her and choked her until she lost consciousness. When she awoke a few moments later, appellant was unbuttoning her pants. He then struck her repeatedly until she again passed out. She recalled that he left the store, but remembered nothing else until she was being photographed at the hospital. The victim also testified her jaw was broken and had to be wired shut for eight weeks, and that several money orders were stolen from the store that night. She could not recall being raped, but did state that the next day her pubic area was sore.

Seven men testified that they patronized the convenience store or were in the store parking lot between 8:30 and 10:30 on the night of March 29, 1987. Reginald Habersham and Johnny Overcash, who testified they were familiar with appellant, stated they saw him and two women enter and leave the convenience store. Habersham, Overcash, and John Wiggins all tried to enter the store several minutes later but were met at the door by a man they identified as appellant, who informed them the store was temporarily closed. Kevin Buie stated he saw a man lock the door of the store and disappear inside, then run out of the store about ten minutes later with something stashed in his pants. Thomas Knight and Wayne Jordan entered the store after the attack and found the victim bloodied with her shirt torn off and her pants pulled below her knees.

Shortly after the incident, the victim and the witnesses who had been at the store were shown a photographic lineup in which appellant's picture was third. Habersham, Overcash, and the victim selected photo no. 3 as that of the man they had seen, while Buie, Wiggins, and Jordan picked photos 3 and 6, stating they were unsure of the skin tone of the man they observed at the store because it was dark outside at the time. Testimony by the emergency room nurses and oral surgeon who treated the victim established that when she arrived at the hospital around 11:00 p.m., she had severe facial contu-

sions, multiple fractures of the jaw, and the distinct imprint of a shoe on her thigh. The crime lab technician who tested the vaginal smear taken from the victim that night found spermatozoa present. Additional testimony was adduced that money orders with serial numbers matching those of the money orders stolen from the store were found in the closet of an apartment appellant shared with his mother.

We hold this evidence was sufficient to authorize a rational trier of fact to find appellant guilty beyond a reasonable doubt of the charged crimes. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

*Judgment affirmed. Banke, P. J., and Pope, J., concur.*

DECIDED JANUARY 29, 1990.

*John W. Davis*, for appellant.
*Glenn Thomas, Jr., District Attorney, John B. Johnson III, Assistant District Attorney*, for appellee.